Citation Nr: 1725243 
Decision Date: 06/30/17 Archive Date: 07/10/17

DOCKET NO. 08-25 265 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Detroit, Michigan


THE ISSUES

1. Entitlement to an initial disability rating in excess of 30 percent prior to March 18, 2010, and in excess of 20 percent thereafter, for a right shoulder disability. 

2. Entitlement to a total disability rating based upon individual unemployability (TDIU) prior to August 22, 2014. 


REPRESENTATION

Appellant represented by: Robert P. Walsh, Attorney


ATTORNEY FOR THE BOARD

D. Chad Johnson, Associate Counsel



INTRODUCTION

The Veteran served on active duty from June 1970 to May 1974 and from January 2003 to August 2003. 

These matters come to the Board of Veterans' Appeals (Board) from September 2007 and March 2010 rating decisions of the Department of Veteran Affairs (VA) Regional Office (RO) in Detroit, Michigan. 

In June 2014, the Board granted entitlement to an initial 30 percent disability rating for the Veteran's right shoulder disability, denied entitlement to an increased disability rating in excess of 20 percent for the Veteran's right shoulder disability from March 18, 2010 and remanded the Veteran's TDIU claim for additional development. Thereafter, the Veteran appealed the matters regarding his right shoulder disability ratings to the United States Court of Appeals for Veterans Claims (Court). In February 2015, the Court issued an Order granting the parties' Joint Motion for Partial Remand (JMR) of that same month. Thereafter, the matters were remanded by the Board in August 2015, and most recently in March 2017, for additional development. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

As discussed above, the Veteran's claims were most recently remanded by the Board in March 2017 for additional development, including a VA shoulder examination. The March 2017 remand also stated that following the development directed therein, the Veteran's claims on appeal were to be readjudicated based upon the entirety of the evidence, and if the benefits sought on appeal were not fully granted, the RO was to issue a supplemental statement of the case (SSOC) to the Veteran and his attorney. Significantly, while the Veteran was provided with the requested VA shoulder examination in April 2017, there has been no readjudication of the Veteran's claims on appeal. As such, there has not been substantial compliance with the Board's April 2017 remand directives, and the appeal must again be remanded. See Stegall v. West, 11 Vet. App. 268 (1998). 

Accordingly, the case is REMANDED for the following action:

Following any additional development deemed necessary, readjudicate the Veteran's claims on appeal in light of all additional evidence added to the record, including the April 2017 VA shoulder examination. If any benefits sought on appeal remain denied, provide the Veteran and his attorney with an SSOC and allow a reasonable opportunity for response before returning the matters to the Board for further adjudication, if otherwise in order. 

The Veteran has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_______________________________________
A. P. SIMPSON
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).